WILLIAM C. DAVIS HOME BAKERIES CO., INC., PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12274.   Promulgated July 27, 1928.

*Ben Jenkins, Esq.*, for the petitioner.
*Frederick R. Shearer, Esq.*, for the respondent.

OPINION.

MARQUETTE: In its income and profits-tax return for the year 1920 the petitioner included in the basis for computing gain or loss from the sale of certain of its assets made in that year under the circumstances set forth in the findings of fact, the amount of $20,000 as the cost of good will acquired by it in 1911 from William C. Davis. The good will in question is alleged to have attached to certain delivery routes and retail stores. The petitioner now claims that it sold its bakery and delivery equipment and immediately abandoned its de-

livery routes and retail stores, thereby sustaining a loss of the good will which had cost $20,000. The respondent alleges that the petitioner did not acquire good will of any value from Davis.

The record before us is entirely unsatisfactory. It is not clear from either the pleadings or the evidence, just what the petitioner did sell to the Freihofer Co., and whether it claims a loss on the sale of its assets, including good will, or because it abandoned the good will. However, we are not satisfied that upon either theory the petitioner is entitled to the relief it seeks. It is claimed that the good will in question attached to the delivery routes and retail stores, and that it had an actual cash value of $20,000 when the petitioner acquired it. But the only evidence we have as to the value is that over a period of 18 years the business owned and operated by Davis, including the bakery, retail stores and delivery routes, earned approximately $130,000, or an average of $7,222 per year. The amount of tangible assets used in the business and the earnings thereof for any particular year of Davis' operations are not shown. In view of the state of the record we are unable to find that the petitioner acquired from Davis good will of any value, and we therefore sustain the determination of the respondent.

*Judgment will be entered for the respondent.*